The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>          v.<br><br>AUSTIN HSU,<br><br>                    Defendant. | NO. CR20-191-JLR<br><br>[~~PROPOSED~~]<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ACCOUNTING OF FORFEITURE AND DISTRIBUTION OF FORFEITED FUNDS TO VICTIMS (DKT. NO. 71)** |

THIS MATTER comes before the Court on Defendant Austin Hsu's Motion for Accounting of Forfeiture and Distribution of Forfeited Funds to Victims (the "Motion") (Dkt. No. 71). Having reviewed the Motion, the United States' Response thereto, and the pleadings and records in the file, the Court hereby DENIES the Motion in its entirety.

In his Motion, Defendant requests an order requiring an accounting of the funds "collected" from Defendant. As to seized funds, Defendant's Plea Agreement reflects that the amount of seized funds total $517,657.18. Dkt. No. 34, ¶ 13. As to funds deposited by Defendant with the Registry of Court, the Notice of Satisfaction of Order of Forfeiture reflects that the deposited funds total $191,427.79. Dkt. No. 60. The accounting from the Court's Finance Office also reflects the funds deposited by Defendant. *See* Declaration of

Order Denying Defendant's Motion for Accounting
of Forfeiture and Distribution of Forfeited Funds to Victims - 1
*United States v. Austin Hsu,* CR20-191-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

AUSA Karyn S. Johnson (Dkt. No. 75) (the "Johnson Decl."), ¶ 2 & Ex. 1 (filed under seal). Defendant's request for an accounting is accordingly DENIED as moot.

In his Motion, Defendant also seeks an order requiring that the funds collected via forfeiture (*i.e.*, the seized funds in the amount of $517,657.18) be returned to the banks that Defendant victimized, thereby satisfying any outstanding restitution owed by the Defendant. This request is also DENIED, for the following reasons.

On January 21, 2021, Defendant pleaded guilty to Wire Fraud, in violation of Title 18, United States Code, Section 1343. Dkt. Nos. 13 & 34. In his Plea Agreement, Defendant admitted that he submitted fraudulent applications for nine disaster relief loans, of which six loans, totaling $709,104.97, were granted. Dkt. No. 34, ¶ 8. In his Plea Agreement, Defendant agreed to pay restitution to victims Square, Inc., Kabbage, Inc., and the United States Small Business Administration, for a total restitution obligation of $709,104.97. Dkt. No. 34, ¶ 12. Defendant also agreed to forfeit his right, title, and interest in all property that constitutes or is traceable to proceeds of his commission of Wire Fraud, including a total of $517,657.18 in funds seized from five bank accounts. Dkt. No. 34, ¶ 13. Defendant also agreed to forfeit a sum of money in the amount of $191,427.79, reflecting the unrecovered proceeds he obtained from the offense. *Id.*

Prior to Defendant's sentencing, the United States filed a Motion for Entry of a Preliminary Order of Forfeiture and an Order of Forfeiture. Dkt. No. 41. This Court granted the motion and issued a Preliminary Order of Forfeiture as to the seized funds in the amount of $517,657.18, and an Order of Forfeiture as to the sum of money in the amount of $191,427.79. Dkt. Nos. 47 & 48.

On August 10, 2021, the Court sentenced Defendant to 24 months in custody, followed by three years of supervised release. Dkt. No. 50. The Court ordered Defendant to pay restitution to victims in the amount of $709,104.97, to forfeit his interest in the

Order Denying Defendant's Motion for Accounting
of Forfeiture and Distribution of Forfeited Funds to Victims - 2
*United States v. Austin Hsu,* CR20-191-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

seized funds in the amount of $517,657.18, and to forfeit his interest in the sum of money in the amount of $191,427.79. *Id.*

Prior to pleading guilty, Defendant paid $191,427.79 into the Registry of Court, to be applied toward his anticipated restitution obligation, upon entry of the judgment. Dkt. Nos. 28, 54. After sentencing, the parties moved for an order authorizing the Clerk of Court to disburse $191,427.79, plus all accrued interest, minus any statutory users fees, to be applied to the criminal monetary penalties imposed in the Judgment. Dkt. 50, 54. This Court granted the motion, *see* Dkt. No. 54, and the United States thereafter confirmed that the $191,427.79 was applied toward restitution, *see* Dkt. No. 60. The United States agreed to credit that amount against the Order of Forfeiture and filed a Notice of Satisfaction of Order of Forfeiture. Dkt. No. 60.

At the conclusion of criminal ancillary proceedings, the United States filed a Motion for a Final Order of Forfeiture as to the seized funds totaling $517,657.18. Dkt. No. 58. The Court granted the motion and issued the Final Order of Forfeiture. Dkt. Nos. 58, 61. The U.S. Attorney's Office thereafter submitted a restoration request with the Money Laundering and Asset Forfeiture Section (MLARS), requesting that the Chief of MLARS exercise discretion to apply these seized funds to the outstanding restitution that Defendant has been ordered to pay; the request is under consideration. Johnson Decl., ¶ 3.

It is well established that forfeiture and restitution serve different purposes: the purpose of forfeiture is punishment, and the purpose of restitution is to make the victim whole. *See, e.g., United States v. Newman*, 659 F.3d 1235, 1241-43 (9th Cir. 2011), *abrogation on other grounds recognized by United States v. Prasad*, 18 F.4th 313, 219 (9th Cir. 2021). A district court may not reduce forfeiture because of an order of restitution to a victim, or because the victim already has been made whole. *Newman*, 659 F.3d at 1241-42.

Restoration is a "process available in both civil and criminal forfeiture cases that are closely related to a criminal prosecution in which a court has issued a restitution order

Order Denying Defendant's Motion for Accounting
of Forfeiture and Distribution of Forfeited Funds to Victims - 3
*United States v. Austin Hsu,* CR20-191-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

identifying victims and restitution losses for which a defendant is liable." *See Asset Forfeiture Policy Manual* (2021) ("*AFPM*"), ch. 14, sec. I. The restoration procedure "enables the Attorney General to transfer forfeited funds to a court for satisfaction of a criminal restitution order, provided that all victims named in the order otherwise qualify for remission under the applicable regulations." *Id.*; *see* 21 U.S.C. § 853(i)(1) (criminal forfeiture); 18 U.S.C. § 981(e)(6) (civil forfeiture).

The authority to use the restoration process to compensate victims for losses lies solely with the Attorney General, whose authority is delegated to the Chief of the Money Laundering and Asset Recovery Section ("MLARS") of the Department of Justice. *See* 28 C.F.R. § 9.1(b)(2). "Because forfeited assets are property of the government, courts and defendants lack authority to use them to satisfy a defendant's criminal debts including fines or restitution obligations." *See AFPM*, ch. 14, sec. II.B*; see also United States v. Pescatore*, 637 F.3d 128, 131 (2d Cir. 2011) (only the Attorney General or his designee may authorize the remission or restoration of forfeited funds to the victim of a crime; defendant was not entitled to have government apply $2.5 million in forfeited funds to a $3 million restitution order); *United States v. Trotter*, 912 F.2d 964, 965-66 (8th Cir. 1990).

//
//
//
//
//
//
//
//
//

Order Denying Defendant's Motion for Accounting
of Forfeiture and Distribution of Forfeited Funds to Victims - 4
*United States v. Austin Hsu,* CR20-191-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Because courts do not have authority to order restoration of seized funds, Defendant's request for an order that the seized funds be paid to the victim banks, thereby reducing the amount of outstanding restitution he owes, is hereby DENIED.

SO ORDERED this 8th day of November, 2022.

THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ Karyn S. Johnson*

KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2462
Fax: (206) 553-6934
Karyn.S.Johnson@usdoj.gov

Order Denying Defendant's Motion for Accounting
of Forfeiture and Distribution of Forfeited Funds to Victims - 5
*United States v. Austin Hsu,* CR20-191-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970